# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

                                          **Case No. 06-C-31**

          -v-                              **Case No. 95-CR-151**

SALVADOR A. HERNANDEZ,

                    Movant.

# DECISION AND ORDER

        Defendant Salvador Hernandez ("Hernandez") has two motions pending before the Court. This decision and order addresses Hernandez's Rule 60(b) motion for reconsideration of the Court's January 18, 2006, decision. (Docket No. 81.) Hernandez filed the motion in his criminal case, but the motion relates to Hernandez's January 9, 2006, petition for review of sentence filed as Case No. 06-C-31, and the Court's January 18, 2006, decision and order dismissing that action for lack of jurisdiction. Since the motion should have been filed in Case No. 06-C-31, the Clerk of Court is directed to add Hernandez's Rule 60(b) motion to that case docket.

        Hernandez's motion relies upon *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Hernandez states that the Court should construe "some of the non-merit based arguments in previous proceedings as attacks on the integrity of those earlier proceedings which do not

require pre-certification by the Court of Appeals, as such challenges could be reviewed under the strictures of Federal Rule of Civil Procedure 60(b)."  (Pet.'s Rule 60(b) Mot. 6.)

Rule 60(b) of the Federal Rules of Civil Procedure regulates the procedure for obtaining relief from final judgments.  *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). (addressing motion pursuant to 28 U.S.C. § 2254).  The rule is available to habeas petitioners seeking to reopen previously dismissed petitions, provided that the ground on which relief is sought does not attack the substance of a court's resolution of claim on the merits.  *Id*.; *See also Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).  However, *Gonzalez* also holds that a motion under Rule 60(b) of the Federal Rules of Civil Procedure must be treated as a collateral attack when the prisoner makes a "claim" within the scope of § 2244(b).  *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (addressing motion pursuant to 28 U.S.C. § 2255).  "This means, the Court concluded, that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned." *Id*.  (citing e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000).)

Hernandez's current Rule 60(b) motion arguably falls within the scope of relief afforded by that rule.  It seeks reconsideration of the Court's January 18, 2006, decision.[1]  Thus, the Court re-examined Hernandez's January 9, 2006, petition for review of  sentence and its

---

[1]However, many of Hernandez's arguments assert that the court of appeals incorrectly denied his prior application for leave to file a successive petition which argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) announced a new rule of law that should apply to his case.  *See Hernandez v. United States*, 226 F.3d 839, 840 (7th Cir. 2000).  The court of appeals' ruling in *Hernandez*, 226 F.2d at 840, did not provide a basis for the Court's January 18, 2006, decision and order.

January 18, 2006, decision and order dismissing that motion as a successive petition with *Gonzales* in mind. The Court is persuaded that Hernandez's January 9, 2006, motion only raises "claims" within the meaning of 28 U.S.C. § 2244. Therefore, the Court correctly characterized the petition as a successive petition over which this Court lacks jurisdiction absent an order from the court of appeals authorizing it. Therefore, Hernandez's Rule 60(b) motion is **DENIED**.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Clerk of Court **SHALL** add Hernandez's Rule 60(b) motion to the docket in Case No. 06-C-31, and

Hernandez's Rule 60(b) motion (Docket No. 81) in this action and that motion as it will appear on the docket of Case No. 06-C-31 is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2006.

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**