**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

 **-v-**              **Case No. 95-CR-151**

**SALVADOR A. HERNANDEZ,**

    **Defendant.**

## DECISION AND ORDER

Defendant Salvador A. Hernandez ("Hernandez"), a frequent filer of assorted post-conviction motions, has filed a pro se motion for reduction of sentence (Docket No. 89) pursuant to Section 3582(c) of Title 18 of the United States Code.[1] He states that the United States Sentencing Commission adopted a retroactive amendment which eliminated the two-level enhancement for a dangerous weapon under U.S.S.G. § 2A4.1(b)(3) that was applied at his sentencing. *See Hernandez v. United States*, 226 F.3d 839, 840 (7th Cir. 2000).

---

[1] In 1995, Hernandez was tried and convicted on federal charges of conspiracy to kidnap and kidnaping in this district. The Honorable Robert W. Warren, who presided over the case, sentenced Hernandez on February 13, 1996. Judgment was entered on March 4, 1996.

 On February 22, 1996, Hernandez filed a direct appeal. The court of appeals affirmed. *United States v. Hernandez*, 106 F.3d 737 (7th Cir. 1997). On June 9, 1997, Hernandez filed a petition pursuant to 28 U.S.C. § 2255. That petition was denied by Judge Warren. Hernandez appealed. While Hernandez's appeal from the denial of his first § 2255 petition was pending, Judge Warren passed away on August 20, 1998. The file in this matter was assigned to this Court on October 9, 1998. The court of appeals denied Hernandez's request for a certificate of appealability and for leave to proceed *in forma pauperis* on his appeal from Judge Warren's denial of that § 2255 petition. *United States v. Hernandez*, No. 97-3728 (7th Cir. Jan 27,1999).

 Thereafter Hernandez filed a series of successive petitions with this Court. The chronology of the successive petitions Hernandez subsequently filed in this district is described in *Hernandez v. United States*, Nos. 06-C-1143, 95-Cr-151, 2006 WL 3203714, at *1 n.3 (E.D. Wis. Nov. 2, 2006).

 Additionally, Hernandez filed a petition for leave to file a successive petition with the court of appeals. That petition was denied. *See Hernandez v. United States*, 226 F.3d at 839.

Section 3582(c)(2) allows the Court to reduce a term of imprisonment if a subsequent amendment by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) lowers the relevant guideline range, after the Court considers the factors set forth in section 3553(a), and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Because § 3582 limits the substantive authority of district courts, it is a "jurisdictional" rule rather than a case-processing requirement. *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006).

This Court has carefully reviewed U.S.S.G § 2A4.1(b)(3). Other subsections of § 2A4.1(b) have been amended. However, § 2A4.1(b)(3) has not been eliminated or amended. Therefore, Hernandez has no basis for seeking relief under § 3582. Hernandez's motion for reduction of sentence is dismissed for lack of subject matter jurisdiction. *See Smith*, 438 F.3d at 799.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hernandez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Docket No. 89) is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2007.

                                                       **SO ORDERED:**

                                                       s/ Rudolph T. Randa
                                                     **HON. RUDOLPH T. RANDA**
                                                     **Chief Judge**